UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

PABLO BERMUDEZ, and other similarly situated individuals,

　　　　　Plaintiff(s),

v.

RIVERA SERVICES GROUP INC and MARTA MARTINEZ,

　　　　　Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff, PABLO BERMUDEZ ("Plaintiff"), sues the Defendants, RIVERA SERVICES GROUP INC and MARTA MARTINEZ (collectively the "Defendants"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States and for the wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy



www.saenzanderson.com

1

under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under Section 440.205 of the Florida Statutes.

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. RIVERA SERVICES GROUP INC ("Corporate Defendant) and MARTA MARTINEZ ("Individual Defendant"), are a Florida company and a Florida resident, respectively, having their main place of business Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida.

6. At all times material to this Complaint, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e) and Section 440.02(15) of the Florida Statutes. Plaintiff is a covered employee for purposes of the FLSA.

7. At all times material, Defendants were an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and Section 440.02(16) of the Florida Statutes.

**COUNT I: WAGE AND HOUR VIOLATION BY**
**<u>RIVERA SERVICES GROUP INC (OVERTIME)</u>**

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9. This action is brought by Plaintiff to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section § 207 (a)(1) of the Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee



www.saenzanderson.com

2

receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a food packing and transportation company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant



www.saenzanderson.com

3

likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a Carpenter for the Corporate Defendant's business.

12. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 55 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a Carpenter performing the same or similar duties as that of those other similarly situated Carpenters whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

13. Plaintiff worked for the Corporate Defendant from approximately May 10, 2021 to July 30, 2021. In total, Plaintiff worked approximately 12 compensable weeks under the Act, or 12 compensable weeks if counted 3 years back from the date of the filing of the instant action.

14. The Corporate Defendant paid Plaintiff on average approximately $24 per hour.

15. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

16. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

17. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:



www.saenzanderson.com

4

| | |
|---|---:|
| START DATE FOR COMPENSABLE WEEKS | 5/10/2021 |
| END DATE FOR COMPENSABLE WEEKS | 7/30/2021 |
| TOTAL COMPENSABLE WEEKS | 12 |
| HOURLY RATE | $24.00 |
| WEEKLY HOURS WORKED | 60 |
| OVERTIME RATE | $12.00 |
| WEEKLY OT HOURS WORKED | 20 |
| OVERTIME (ACTUAL DAMAGES) | $2,880.00 |
| OVERTIME (LIQUIDATED DAMAGES) | $2,880.00 |
| TOTAL DAMAGES | $5,760.00, plus attorneys' fees and costs |

18. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-a-half of their regular rate of pay for all overtime hours worked in excess of forty per week.

19. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those



similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

21. Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND



www.saenzanderson.com

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: WAGE AND HOUR VIOLATION BY
### MARTA MARTINEZ (OVERTIME)

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

23. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

24. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

25. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF



www.saenzanderson.com

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: RETALIATORY DISCHARGE UNDER §440.205, FLORIDA STATUTES (RIVERA SERVICES GROUP INC ONLY)

27. Plaintiff re-adopts each and every allegation as stated in paragraphs 1-7 above as if set out in full herein.

28. At all times relevant, Plaintiff was employed by the Defendant as a Carpenter.

29. On or about July 16, 2021, the Plaintiff suffered a work-related injury, namely, an iron column fell on Plaintiff's arm. The injury happened while Plaintiff was working for the Defendant.

30. The injury alleged above required medical treatment.

31. After the work-related accident as described above, the Plaintiff immediately reported his injuries to the Defendant and requested medical treatment.



www.saenzanderson.com

32. Defendants took Plaintiff to an emergency clinic, where he was prescribed medication and three (3) weeks medical leave to recover.

33. However, after returning to work, after his medical leave, Plaintiff continued to experience pain and inflammation in his arm and shoulder.

34. Plaintiff again informed the Defendant that he was in pain and requested medical care and treatment.

35. Plaintiff visited an emergency clinic and was prescribed three (3) days to recover.

36. Although the Defendant, was well aware of Plaintiff's work-related injury and need for medical care and treatment, Defendant never reported Plaintiff's accident to its worker's compensation insurance carrier.

37. Rather, when Plaintiff returned to work on or about July 30, 2021, Defendant terminated Plaintiff's employment.

38. Defendant terminated Plaintiff's employment two weeks after his work-related injury.

39. Defendant terminated Plaintiff's employment while stating, "*si no sirves, entonces vete*", which translated means, "If you are of no use, then leave".

40. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

41. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat.



§§ 440 et. seq. In other words, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

42. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

43. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

44. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendant, RIVERA SERVICES GROUP INC for all back wages from the date of discharge and all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 17, 2021.

                                                         Respectfully submitted,

                                                         By: _s/ Tanesha Walls Blye_
                                                         Tanesha Walls Blye, Esq.
                                                         Fla. Bar No.: 738158
                                                         Email: tblye@saenzanderson.com
                                                         Aron Smukler, Esq.
                                                         Fla. Bar No.: 297779
                                                         Email: tblye@saenzanderson.com
                                                         R. Martin Saenz, Esq.
                                                         Fla. Bar No.: 640166
                                                         Email: msaenz@saenzanderson.com
                                                         SAENZ & ANDERSON, PLLC
                                                         20900 NE 30th Avenue, Ste. 800
                                                         Aventura, Florida 33180



www.saenzanderson.com

Telephone: (305) 503-5131
Facsimile: (888) 270-5549



www.saenzanderson.com