UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23366-BLOOM/Otazo-Reyes

PABLO BERMUDEZ, *and other similarly situated individuals*,

    Plaintiff,

v.

RIVERA SERVICES GROUP INC, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Rivera Services Group Inc.'s ("Rivera") and Marta Martinez's ("Martinez") (collectively, "Defendants") Motion to Dismiss without Prejudice Count III, (the Pendant State Claim), ECF No. [27] ("Motion"), filed on January 24, 2022. Plaintiff Pablo Bermudez ("Plaintiff") filed a Response in Opposition to the Motion, ECF No. [29] ("Response"), to which Defendants filed a Reply, ECF No. [30] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On September 17, 2021, Plaintiff initiated this action against Defendants asserting three claims for relief: (1) wage and hour violation by Rivera under 29 U.S.C. § 201 *et seq.* ("FLSA"); (2) wage and hour violation by Martinez under the FLSA; and (3) retaliatory discharge under Fla. Stat. § 440.205 against Rivera. *See* ECF No. [1] ("Complaint"). On September 20, 2021, the Court referred this case for purposes of a settlement conference before Magistrate Judge Alicia M. Otazo-Reyes. ECF No. [4]. The settlement conference was held on December 10, 2021. *See* ECF Nos. [17], [22], & [23]. In the Report of Settlement Conference, Judge Otazo-Reyes reported "that the

parties reached as settlement as to the FLSA claim only[.]" ECF No. [22]. Thereafter, on December 20, 2021, the parties filed a Joint Motion for Approval of the Parties' FLSA Settlement Agreement Pertaining to Plaintiff's FLSA Claims Only and Dismissal with Prejudice, ECF No. [25]. That same day, this Court entered an Order approving the settlement agreement and dismissing Plaintiff's FLSA claims with prejudice. ECF No. [26].

Defendants now seek dismissal of the Plaintiff's claim under Fla. Stat. § 440.205, arguing that there is no basis for the Court to exercise jurisdiction now that the federal claims have been dismissed. *See generally* ECF No. [27]. In his Response, Plaintiff maintains that (1) Defendant's Motion is untimely; and (2) the "Court should exercise its discretion to exercise supplemental jurisdiction over Count III because Plaintiff will soon be amending his Complaint to include additional counts under federal law for disability discrimination and retaliation once he receives a right to sue from the EEOC." *Id.* 3-4.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Additionally, determining whether the Court has supplemental jurisdiction over state law claims "entails a two-step inquiry where the Court must first determine whether it can exercise its

supplemental jurisdiction and then whether it should exercise that jurisdiction." *Woodard v. Town of Oakman, Ala.*, 970 F. Supp. 2d 1259, 1275 (S.D. Ala. 2013) (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 n.7 (11th Cir. 2012)) (emphasis added). Under § 1367(c), the Court has "discretion not to exercise supplemental jurisdiction . . . in four situations." 28 U.S.C. § 1367(c). These include whether: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* "Any one of the § 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

Upon review of the record, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim under Fla. Stat. § 440.205. Specifically, the interests of comity weigh heavily in favor of declining jurisdiction because the only claim that remains arises under state law, which is best suited for determination by a Florida court. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law." (citation omitted)). This is especially true where, as here, the federal claims have been dismissed prior to trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state-law claims strongly encouraged when federal law claims are dismissed prior to trial); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015) ("[E]very litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." (citations omitted)). Thus, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim.

Case No. 21-cv-23366-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [27]**, is **GRANTED**.

2. The Court declines to exercise supplemental jurisdiction over Plaintiff's claim under Fla. Stat. § 440.205, and that claim is therefore dismissed without prejudice.

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record